IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00104-PSF-MEH

PATRICIA B. WEBER,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
a Massachusetts insurance company,

    Defendant.

---

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

---

This matter is before the Court on Defendant's Motion for Summary Judgment (Dkt. # 16) and Plaintiff's Motion for Partial Summary Judgment (Dkt. # 17), both filed on October 4, 2006. Plaintiff filed a response to defendant's motion on October 27, 2006 (Dkt. # 19), and defendant replied on November 20, 2006 (Dkt. # 22). Defendant filed a response to plaintiff's motion on October 27, 2006 (Dkt. # 18), and plaintiff replied on November 20, 2006 (Dkt. # 23). Both motions are fully briefed and ripe for determination.

**I.      BACKGROUND**

On January 23, 2006, plaintiff filed this diversity action against Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"), seeking to judicially reform her automobile insurance policy to include added personal injury protection (hereinafter "enhanced PIP," "extended PIP," or "APIP") benefits. Compl. (Dkt. # 1) ¶ 1.

Plaintiff purchased policy no. A02-298-050093 (the "Policy") (Ex. A-2 to Def.'s Mot.), from Liberty Mutual in September 2002 by contacting the Phoenix Direct Response Center by phone. Weber dep., Ex. A-3 to Def.'s Mot., at 81-83. On September 23, 2002, Liberty Mutual mailed certain Policy forms and materials to plaintiff's husband, including the Colorado Personal Automobile Policy Application ("Application"), the Colorado Personal Injury Protection Coverage Options Disclosure Form ("PIP Selection Form"),[1] and two other forms not relevant to this case. Smith Aff., Ex. A-5 to Def.'s Mot., ¶ 12. Both the Application and the PIP Selection Form were to be signed by the insured and returned to Liberty Mutual. *Id.*

The PIP Selection Form describes the mandatory, basic PIP benefits provided and states that they cover bodily injury to the named insured, family members, others in the car with consent, and pedestrians struck by the insured vehicle. Ex. A-9 to Def.'s Mot., at LMF 0067. The Form also states that additional PIP benefits can be purchased for an "additional premium amount" and specifically provides as follows with respect to enhanced PIP benefits available for purchase:

**ADDED PERSONAL INJURY PROTECTION BENEFITS**

You may elect to purchase an Added PIP Medical Expense option, and Added PIP Work Loss Option, or a combination of these two options applying to you and any family member for a reasonable increase in premium. These coverages are provided without dollar limitation. There is, however, an aggregate limit of $200,000 per person, per accident.

---

[1] There is a dispute as to whether all four pages of the PIP Selection Form, as opposed to just the fourth page, were provided to plaintiff at that time. Def.'s Mot. at 4-5, ¶ 6; Pl.'s Resp. at 4, ¶ 2. This dispute will be discussed in more detail in § III(D), *supra*.

      i)      ADDED PIP MEDICAL EXPENSES – provides the same medical expense coverage as Basic PIP except that losses are not limited to those incurred within five (5) years after the date of the accident.

      ii)     ADDED PIP WORK LOSS – provides the same Work Loss Coverage as Basic PIP except there is no 52 week time limitation and coverage is not subject to a weekly dollar limit.

      iii)    ADDED PIP MEDICAL EXPENSES AND ADDED PIP WORK LOSS – provides a combination of i) and ii) above.

The Work Loss Coverage calculation applies as follows if either option ii) or iii) is chosen:

a.)    100% of the first $125 of loss of gross income per week; and
b.)    85% of loss of gross income in excess of $125.

### Added PIP Options – Selection

If you would like to select either of these options, please indicate below which option you are selecting and return the form to us:

G  I elect the Added PIP Medical Expenses Option.  The additional premium is $167.

G  I elect the Added PIP Work Loss Option**.  The additional premium is $10.

G  I elect the Added PIP Medical and Added PIP Work Loss Option**.  The additional premium is $177.

**\*\* Please note, if you have rejected the Work Loss Option under Basic PIP, you cannot select either of these options.**

Please be aware that any summary of coverages on this page are necessarily general in nature.  Your policy will contain specific descriptions, definitions, exclusions and conditions.  In case of any conflict, your policy language will control the resolution of all coverage questions.  Study your options carefully before completing this form.  If you have any questions, please contact your local Liberty Mutual Sales Office.

*Id.* at LMF 0070.

On October 4, 2002, Liberty Mutual issued and mailed the Policy to the Webers, who received it on or about the date of the accident, which occurred in late October. Pl.'s Resp. at 2, ¶ 3 (admitting defendant's statement that plaintiff acknowledged receiving a copy of the Policy on or about the date of her accident). The policy period was September 24, 2002 to September 24, 2003. Policy at Weber CLF10. On November 20, 2002, plaintiff signed the Application and the PIP Selection Form provided by Liberty Mutual, under which she selected basic PIP benefits and declined to purchase enhanced PIP coverage. Ex. A-4 to Def.'s Mot., at Weber CLF348; Ex. A-9 to Def.'s Mot., at LMF 0070; Weber dep. at 111, 113, 116-17, 138. The Declarations Page of the Policy reflects plaintiff's PIP coverage as "Basic – No Deductible." Policy at Weber CLF10.

Plaintiff was involved in an automobile accident on October 29, 2002. Compl. ¶ 1. She has received PIP benefits under the Policy, and the parties dispute whether she has yet exhausted the benefits available under basic PIP coverage. Pl.'s Mot. at 5, ¶ 17; Def.'s Resp. at 7, ¶ 17. Weber now claims she is entitled to enhanced, rather than basic, PIP benefits because (1) Liberty Mutual's offer to her to purchase enhanced PIP coverage failed to comply with the requirements of the Colorado Auto Accident Reparations Act ("CAARA"), (2) the offer was not provided in a manner reasonably calculated to permit the Webers to make an informed decision on whether to purchase enhanced PIP coverage, and (3) Liberty Mutual failed to provide the Webers with a summary disclosure form prior to the issuance of the policy. Pl.'s Resp. at 2. Weber's causes of action include: (1) a request for declaratory relief and for reformation of the

4

Policy; (2) breach of insurance contract; (3) bad faith breach of insurance contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) common law bad faith.

Defendant now moves for summary judgment, arguing that its offer of enhanced PIP coverage complied with Colorado law, that plaintiff elected to purchase only basic PIP coverage, and that the insurance policy accordingly should not be reformed as a matter of law.  In the alternative, defendant argues that plaintiff is barred from pursuing her claims in this case because they belong to her bankruptcy trustee.  Plaintiff also filed a motion for partial summary judgment on her first claim for declaratory relief and reformation, arguing that Liberty Mutual failed as a matter of law to make a statutorily compliant offer of enhanced PIP coverage.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate under F.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  When applying this standard, a court must view the factual record in the light most favorable to the nonmovant.  *Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).  To defeat a defendant's properly supported motion for summary judgment, "there must be evidence upon which the jury could reasonably find for the plaintiff."  *Panis v. Mission Hills Bank*,

*N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995), *cert. denied*, 516 U.S. 1160 (1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

**III.   ANALYSIS**

    **A.   Overview of CAARA**

CAARA, which was repealed in 2003, required automobile insurance policies to include no-fault PIP coverage, which provided for reasonable and necessary medical care, rehabilitative care, lost wages, and death benefits in the event of an accident without regard to fault. C.R.S. § 10-4-706.[2] Such PIP benefits were available to (1) the named insured, (2) resident relatives of the named insured, (3) passengers occupying the insured's vehicle with the insured's consent, and (4) pedestrians injured by the covered vehicle. *Id.* § 10-4-707(1).

The Act also provided for an insurer's purchase of optional, supplemental PIP benefits beyond the statutorily required basic coverage. *Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 553 (Colo. 1998). Specifically, the Act provided in pertinent part:

> (2)(a)   Every insurer shall offer the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10-4-706, at the option of the named insured:
>
>    (I)   Compensation of all expenses of the type described in section 10-4-706(1)(b) without dollar or time limitation; or
>
>    (II)   Compensation of all expenses of the type described in section 10-4-706(1)(b) without dollar or time limitations and

---

[2] Citations to CAARA, C.R.S. §§ 10-4-701 *et seq.*, are to the 2002 version of the Colorado statutes.

>>payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.

>(b) A complying policy may provide that all benefits set forth in section 10-4-706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

C.R.S. § 10-4-710(2). In *Brennan*, the Colorado Court of Appeals held that an insurer's offer of extended PIP benefits was required to extend coverage to the same categories of persons eligible to receive basic PIP benefits, *i.e.*, named insureds, resident family members, guest occupants, and pedestrians. *Brennan*, 961 P.2d at 553. An offer of enhanced PIP benefits that excludes any of these categories of persons from coverage fails to comply with § 10-4-710 of CAARA. *Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 710 (10th Cir. 2005) (*Clark II*).

### B. Lack of Compliance with C.R.S. § 10-4-710

In a recent, almost factually identical case in this district, Judge Nottingham granted summary judgment to the defendant insurer. *Warren v. Liberty Mut. Fire Ins. Co.*, No. 05-cv-01891, 2007 WL 521189 (D. Colo. Feb. 15, 2007). Notably, the case involved the same defendant insurer and the same PIP Selection Form at issue in this case. This Court agrees with the reasoning in *Warren* and reaches the same conclusion in this case.[3]

---

[3] The Court recognizes that the plaintiffs in *Warren* have filed a motion for reconsideration based on an alleged mistake of fact in the order granting summary judgment in that case. *See Warren*, Dkt. # 71. However, even assuming the alleged mistake exists, it does not affect the applicability of Judge

7

First, Judge Nottingham held, and this Court agrees, that Liberty Mutual's offer of extended PIP coverage via the PIP Selection Form failed to comply with § 10-4-710 of CAARA.  *Warren*, 2007 WL 521189, at *7.  The Form stated that extended PIP benefits were available "to you and any family member."  Ex. A-9 to Def.'s Mot. at LMF 0070.  Liberty Mutual argues that the Form complied with § 10-4-710, as the offer need not specifically enumerate the categories of eligible injured persons.  *Hill v. Allstate Ins. Co.*, 479 F.3d 735, 740 (10th Cir. 2007).  However, even if "an insurer's silence in referencing the persons covered by APIP does not permit an inference of exclusion, it is certainly true that when an insurer lists some persons covered by APIP coverage, those not included on the list are considered *excluded*."  *Warren*, 2007 WL 521189, at *7.  Thus, because Liberty Mutual's offer of extended PIP coverage expressly extended only "to you and any family member," it necessarily excluded guest occupants and pedestrians and thus failed to comply with § 10-4-710 of CAARA.

### C.  Reformation as a Remedy

Plaintiff contends she is entitled to reformation of the Policy due to the PIP Selection Form's failure to comply with CAARA.  "'Generally, the purpose of reformation of an insurance contract is to make the policy express the true intent of the parties.'"  *Clark II*, 433 F.3d at 710 (quoting *Thompson v. Budget Rent-A-Car Sys., Inc.*, 940 P.2d 987, 990 (Colo. App. 1996)).  In *Brennan*, the court held that "when . . . an insurer fails to offer the insured optional coverage that satisfies [CAARA], additional coverage in conformity with the offer mandated by statute will be incorporated into the policy."

---

Nottingham's reasoning in this case.

*Brennan*, 961 P.2d at 554; *see also Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1241 (10th Cir. 2003) (*Clark I*).

Like the facts in *Warren*, however, the facts of this case distinguish it from *Brennan* and *Clark* in such a way as to render reformation an improper remedy, notwithstanding the APIP offer's noncompliance with CAARA.  Specifically, in *Brennan* and *Clark* the plaintiffs seeking reformation of the policies were third-party pedestrians who had been unlawfully excluded from the insurer's offer of extended PIP benefits. *Brennan*, 961 P.2d at 550; *Clark I*, 319 F.3d at 1234.  Here, plaintiff "seek[s] reformation of the Policy based on Defendant's offer of extended PIP benefits that *did not* exclude Plaintiff[] from coverage."  *Warren*, 2007 WL 521189, at *9 (emphasis in original).  Plaintiff is neither a pedestrian nor a guest occupant; she is a named insured and was expressly covered in defendant's offer of extended PIP benefits.  *Id.*  The extended PIP benefits offered to Weber, "while defective with respect to pedestrians and non-family member occupants, would have covered [Weber]" had she elected to purchase them.  *Id.* (citing *May v. Travelers Prop. Cas. Co. of Am.*, No. 05-cv-00214, 2006 U.S. Dist. LEXIS 69340, at *8 (D. Colo. Sept. 26, 2006)).  "By refusing Defendant's offer of APIP benefits, [Weber's] expressed intention was to decline Defendant's offer of APIP benefits to cover herself, her husband, and their family members."  *Id.* (citation omitted).  Thus, reforming the Policy to include enhanced PIP benefits "would not reflect the intent of the parties."  *Id.* (citations omitted).  For the foregoing reasons, the Court holds that plaintiff is not entitled to reformation of the

Policy for defendant's failure to make a statutorily compliant offer, and defendant is entitled to summary judgment on this issue.

### D.     Plaintiff's Remaining Issues on Compliance with CAARA

Plaintiff contends that the above-described defect in the offer of enhanced PIP coverage also rendered the offer non-compliant with C.R.S. § 10-4-706(4)(a), which requires an insurer to explain "all available coverages" prior to issuing a policy to an insured. Pl.'s Mot. at 9-10. Assuming such a lack of compliance, however, plaintiff nonetheless is not entitled to reformation of the Policy for the same reason the offer's lack of compliance with § 10-4-710 does not entitle her to reformation; specifically, including enhanced PIP benefits in the Policy under the facts of this case would not reflect the intent of the parties.

Plaintiff also argues that the Policy was not offered in a commercially reasonable manner pursuant to *Allstate Insurance Co. v. Parfrey*, 830 P.2d 905 (Colo. 1992). In *Parfrey*, the Colorado Supreme Court analyzed "the nature and scope of an insurer's duty" of notification with respect to uninsured motorist coverage higher than the minimum statutory limits and held that the offer must be made "in a manner reasonably calculated to permit the [insured] to make an informed decision on whether to purchase . . . coverage higher than the minimum statutory liability limits." *Id.* at 913. The court enumerated a test for evaluating an insurer's compliance with its duty to notify:

> In determining whether an insurer has fulfilled its statutory duty, a court may appropriately consider such factors as the clarity with which the purpose of . . . coverage was explained to the insured, whether the

> explanation was made orally or in writing, the specificity of the options made known to the insured, the price at which the different levels of . . . coverage would be purchased, and any other circumstances bearing on the adequacy and clarity of the notification offer.

*Id.* The sufficiency of the offer ultimately "must be resolved under the totality of the circumstances." *Id.* at 914. The Tenth Circuit recently applied the *Parfrey* analysis in the context of an insurer's duty to offer enhanced PIP coverage. *See Hill*, 479 F.3d at 742; *Padhiar v. State Farm Mut. Auto. Ins. Co.*, 479 F.3d 727, 733-34 (10th Cir. 2007).

Plaintiff argues there was no oral offer of enhanced coverage and that the written offer was insufficient because, at the time she received the initial packet of materials from Liberty Mutual in September 2002, only the last page of the four-page PIP Selection Form was included. Pl.'s Mot. at 4, ¶ 13. However, in her response to defendant's motion, plaintiff inconsistently admits without qualification defendant's statement that it mailed her certain documents, including the PIP Selection Form, on September 23, 2002. Pl.'s Resp. at 3, ¶ 6. Moreover, plaintiff also admits having received a copy of the Policy on or about the date of the accident, *id.* at 2, ¶ 3, and testified that she received the entire PIP Disclosure Form at the time she received the Policy. Weber dep. at 140. Thus, at the very least plaintiff received the entire PIP Selection Form prior to her signing the Form on November 20, 2002, when she reflected her selection of basic PIP coverage.

Like the plaintiff in *Warren*, then, there is uncontroverted evidence that Weber received a four-page document explaining PIP and extended PIP benefits before she declined to purchase enhanced PIP coverage. *Warren*, 2007 WL 521189, at *10.

Accordingly, the Court finds as a matter of law that, "under the totality of the circumstances," defendant's offer was "reasonably calculated to permit the potential purchaser to make an informed decision." *Parfrey*, 830 P.2d at 913.

Finally, plaintiff argues that Liberty Mutual violated C.R.S. § 10-4-111, which requires an insurer to provide at the time of the initial insurance purchase a summary disclosure form containing a "simple explanation of the major coverages and exclusions of such policies of insurance together with a recitation of general factors considered in cancellation, nonrenewal, and increase in premium situations." Defendant presented uncontroverted evidence that such a summary disclosure form was provided to plaintiff. Smith Aff. ¶ 13. Plaintiff, however, asserts that "Liberty Mutual cannot produce such a form that was executed by the named insureds." Pl.'s Mot. at 11. That assertion is both accurate and irrelevant. The statute requires only that an insurer "furnish" a summary disclosure form to the insured, not that the insureds execute such a form. C.R.S. § 10-4-111(3). Thus, plaintiff has failed to create a genuine issue of material fact as to whether defendant violated § 10-4-111, and defendant is entitled to summary judgment on this issue.

### E.   Plaintiff's Remaining Claims

Defendant seeks summary judgment on plaintiff's other claims "because they are dependent on reformation." Def.'s Mot. at 13. Plaintiffs do not respond to this argument. Accordingly, because plaintiff is not entitled to reformation of the Policy as a matter of law, the Court holds that defendant is entitled to summary judgment on plaintiff's claims for breach of insurance contract, bad faith breach of insurance

contract, breach of the implied covenant of good faith and fair dealing, and common law bad faith.

## IV.     CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. Defendant's Motion for Summary Judgment and Brief in Support Thereof (Dkt. # 16) is GRANTED;

2. Plaintiff's Motion for Partial Summary Judgment (Dkt. # 17) is DENIED;

3. The Clerk shall forthwith enter judgment in favor of Defendant Liberty Mutual Fire Insurance Company and against Plaintiff Patricia B. Weber, dismissing the case with prejudice; and

4. The trial currently set for Monday, May 21, 2007, is VACATED.

DATED:  April 12, 2007

BY THE COURT:

*s/ Lewis T. Babcock / for*

_____
Phillip S. Figa
United States District Judge